# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Case No. 06-306 (TFH)** |
| | : | |
| **MICHAEL DANIEL RICHARDS, Et. Al.** | : | |
| **Defendant.** | : | **Hearing Date: Dec. 7, 2006** |

## GOVERNMENT'S MOTION FOR TOLLING AND EXCLUSION OF TIME UNDER THE SPEEDY TRIAL ACT

The United States, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully moves this Honorable Court Chief Judge Hogan and Judge Sullivan to consider excluding 120 days from the calculation of time before which this matter must be brought to trial under the Speedy Trial Act, pursuant to 18 U.S.C. §3161(h)(8)(A). The Government submits that the indictments, defendants, offenses charged in the above captioned cases should be joined together for a single trial before the same court. In a separate motion the Government has requested joinder of the two cases; to now, thus, allow the Government additional time, 120 days, to conduct additional grand jury investigation for the purpose of superceding the indictments in both cases, to merge them into a single indictment, and to add additional defendants and offenses to the crimes now charged. We submit that the crimes charged in both cases emanate from a single continuous conspiracy based on the same facts and evidence of each defendants' own separate role in this conspiracy. As a threshold matter, the defendants in this case will be properly joined based on their concerted participation in the charged conspiracy. Joinder

is proper where the defendants are alleged to have participated in the same series of acts constituting the lead offense. As grounds for this motion, the Government states as follows:

## I.  Factual Background

1.  On June 23, 2005, the Grand Jury for the United States District Court for the District of Columbia rendered a three count indictment against Defendants Michael Richards and Donnie Smith, which resulted in Criminal Case No. 05-242, that alleged: In Count One that from December 2001 to May 2002, that they along with others conspired to distribute and possess with the intent to distribute 50 grams or more of cocaine base. Also known as "Crack."  In Count Two that on December 6, 2001, the Richards and Smith aided and abetted one another to distribute 50 grams or more of crack. And, in Count Three that on February 19, 2002, that Richards and Smith aided and abetted one another to distribute more than 5 grams of crack.

2.  On October 12, 2006, the Grand Jury for the United States District Court for the District of Columbia rendered a three count indictment against Defendants Michael Richards, Russeline Deniel Miles and Christopher Fleming, which resulted in Criminal Case No. 06-306, that alleged: In Count One that from January 2006 through September 2006, the three defendants aided and abetted one another to unlawfully maintain a premises to manufacture, distribute, store and use crack.  In Counts Two and Three, on August 18, 2006 and August 29, 2006, respectively, the three Defendants aided and abetted one another to distribute more than 50 grams of crack. In Counts Four and Five, on September 22, 2006 and September 26, 2006, respectively, the three Defendants aided and abetted one another to distribute a detectable amount crack.  And, that on September 26, 2006, the date of their arrests, that the three Defendants possessed with the intent to distribute and aided and abetted each other to illegally possess more than 50 grams of crack.

3. This started out as a DEA investigation that they were developing in 2000, targeting the location, 77 Hawaii Avenue, NE, Apartment 204 in November 2000. The Defendant Michael Richards, aka "Wayne," was the primary target of the investigation. On December 6, 2001 at approximately 3:30 p.m., the UC called Richards on 307-3368 and set up the buy for about an hour later. The call was recorded and has been transcribed. At approximately 4:46 p.m., UC and Officer Norris drove to 86 Webster Street NE and park. Donnie Smith talked to them through passenger window. According to the buy report, Smith then went to talk to Richards and motioned the UC over. The OP tape captures Smith talking to the UC in the car. Once in the building, Smith tells the UC to go upstairs. The UC says no and asks where Richards is located. A woman responds he's in Apartment 104 and will be right out. Richards then comes out of Apartment 104 with crack and the Richards and the UC go upstairs to Apartment 201, which is leased to Donnie Smith. The UC then gives Richards $2400 in exchange for 50.6 grams of crack cocaine.

4. On February 19, 2002, at approximately 4:18 p.m., the UC calls Richards on 422-6876[1] and sets up the deal for later that day. The call was recorded and has been transcribed. The UC told Richards to come out to the car because his leg is messed up. At approximately 5:11 p.m., the UC drove up in front of 86 Webster Street, NE and Donnie Smith approached the car. The UC asked where Richards was, and Smith pointed to the window and told the UC to lean over and he could see him. The UC then told Smith to get in the car, and he handed Smith $2400 in exchange for 51.4 grams of crack cocaine. The interior car camera catches this all on tape, including the sound, and the quality is very good. There is also an observation video tape.

---

[1] The old number 607-3368 was changed to this new number on the same account, with the same subscriber and subscriber information as before.

5.  On August 18, 2006, the Metropolitan Police Department's Narcotics and Special Investigations Division (MPD/NSID), Unit while conducting undercover narcotics operations, in the high crime area of 65 Hawaii Avenue, Northeast, Washington, D.C., purchased approximately 61 grams of cocaine base from these coconspirators for $2,400.00, in U.S. currency.  Specifically, the purchase was made directly hand-to-hand from Defendant Richards, who transferred the 61 grams of cocaine base to the undercover officer, in exchange for $2,400.00, in U.S. currency.  However, at the direction of Defendant Miles, Defendant Richards gave her the $2,400.00, that the undercover officer had paid Defendant Richards for the cocaine base that he received contemporaneously from Defendant Richards.  Undercover investigation demonstrates that Defendants Richards, Miles and Fleming, utilized Apartment No. 202, 65 Hawaii Avenue, Northeast, Washington, D.C., to store and sell cocaine base from January 2006 through September 2006 based on evidence gained by the MPD NSID Unit.

6.  On August 29, 2006, the Metropolitan Police Department's Narcotics and Special Investigations Division (NSID) conducted a narcotics operation in the high crime area of 65 Hawaii Avenue, Northeast, Washington, D.C.  The NSID had identified Defendants and coconspirators Michael Richards, Russeline Miles and Christopher Fleming as major cocaine base, also known as crack distributers in Northeast Washington, D.C.  On August 29, 2006, at approximately, 6:30 p.m., the NSID, conducted an undercover narcotics operation which had been set-up directly with Defendant Richards via a recorded telephone call for the purchase of 62 grams of cocaine base.  At approximately, 7:30 p.m., an undercover officer (UC) met with Defendants Michael Richards, Russeline Miles and Christopher Fleming, in the front of 65 Hawaii Avenue, Northeast, Washington.  While the UC was on a recorded telephone call to Defendant Richards, Defendants Miles and

Fleming came out of 65 Hawaii Avenue.  Defendant Fleming sat in the back of the UC vehicle, and Defendant Miles sat in the front and she advised that Defendant Richards was inside 65 Hawaii Avenue watching the cocaine base transaction.  While still on the recorded telephone call with Defendant Richards, he assured the UC that it was save to deal with Defendants Miles and Fleming, by stating that they were "family."  Accordingly, Defendant Fleming handed the UC 60 grams of cocaine base which concealed inside a black plastic bag.  The UC then gave Defendant Miles, $2,400.00, in U.S. currency.  Defendant Miles openly counted the money and both Defendants Miles and Fleming exited the UC vehicle.

7.  On September 22, 2006 and September26, 2006, undercover purchases of cocaine base where made directly from Apartment No. 202 from Defendants Richards, Fleming and Miles.  The NSID obtained a District of Columbia Superior Court search warrant for Apartment No. 202, which is leased by Defendant Fleming.

8.  On September 26, 2006, at approximately, 7:00 p.m., the NSID sought to execute the search warrant it had obtained for Apartment No. 202.  Additionally, the NSID had set-up a deal for 62 grams of cocaine base via a recorded telephone call to Defendant Richards.  Upon their arrival, Defendants Richards, Miles, and Fleming were all standing outside of the building.  The NSID based on the facts of investigation sought to detain the three defendants.  Defendant Miles spontaneously told the police that she had a large quantity of cocaine base in her upper undergarment and confessed that she and Defendants Richards and Fleming had been distributing cocaine base together for approximately 18 months.  Search incident to arrest of Defendant Richards disclosed $686.00, in U.S. currency and 4 $10.00 ziplocks of cocaine base which ziplocks matched the numerous empty

ziplocks which were seized from inside Apartment No. 202, which apartment was leased by Defendant Fleming. All the substances seized and purchased during this undercover cocaine base investigation field-tested positive for cocaine.

## II.  Argument

 The large number of defendants, voluminous discovery material, and overall complexity of this case justifies a 120-day exclusion from the statutory period in which this case must be tried under the Speedy Trial Act.

9.   When all defendants are in custody and the speedy trial clock does begin to run, this Court should exclude a period of 120 days from the speedy trial calculation because of the complexity of this case. The large number of defendants and separately charged incidents and the nature of the evidence supporting the charges in the instant indictment makes this case complex and justifies an exclusion of time under 18 U.S.C. § 3161(h)(8)(A).

10.   Title 18, United States Code, Section 3161(h)(8)(A) allows the court to exclude a period of delay from the Speedy Trial Act calculation if the Court finds, "that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Section 3161(h)(8)(B) sets forth the factors the Court may consider when determining whether to exclude time pursuant to Section 3161(h)(8)(A). Where the Court finds that the case is, "so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable

to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established," the Court may exclude such time as necessary to serve the ends of justice. 18 U.S.C. §§3161(h)(8)(A) and 3161(h)(B)(ii)(iv).

11.  Applying the factors set forth in Section 3161(h)(8)(B), courts have routinely excluded reasonable periods of time in cases similar in scale and complexity to the instant case.  The presence of multiple defendants in a charged conspiracy case has been frequently cited as the basis for exclusion of time, particularly if the case involves a series of separate overt acts and numerous defendants.  See United States v. Butz, 982 F.2d 1378, 1381 (9th Cir. 1993) (upholding trial judge's exclusion of time under Section 3161 (h)(8)(A) because case charging 9-codefendant conspiracy in a 29-count indictment was sufficiently "complex"), cert. denied, 510 U.S. 891 (1994); United States v. Ditommaso, 817 F.2d 201, 210 (2d Cir. 1987) ("we agree that this multi-defendant, international drug smuggling and money-laundering case was sufficiently complex to warrant excludable time"); United States v. Fogarty, 692 F.2d 542, 546 (8th Cir. 1982) ("the complexity of the case, involving seven codefendants and multiple overt acts occurring in seven states, outweighed the interests of the individual defendants" and justified exclusion of time under § 3161(h)(8)(A)), cert. denied, 460 U.S. 1040 (1983); United States v. Ambrosio, 898 F. Supp. 177, 192 (S.D.N.Y. 1995) (ends of justice exclusion justified by complexity of case, where indictment charged 17 defendants with large-scale drug conspiracy).

12.  Courts also look to the nature of the evidence in an assertedly "complex" case in adjudicating requests to apply the "interest of justice" provision of the Speedy Trial Act. Findings of complexity and resulting exclusions of time have been based on the presence of a large amount of evidence gathered by means of court-authorized wiretaps.  Production and review of wiretap evidence often takes a substantial amount of time, justifying the exclusion of such time from the Speedy Trial Act calculation.  See United States v. Gambino, 59 F.3d 353, 358 (2d Cir. 1995) (trial court excluded time under § 3161(h)(8)(A) because case involved "hundreds of hours of video and audio tape recordings tracking the structure of the criminal activities of the Gambino organization"), cert. denied, 517 U.S. 1187 (1996); Butz, supra, 982 F.2d at 1381 (exclusion of time justified in part because evidence of charged drug conspiracy was in form of "hundreds of hours" of conversations intercepted pursuant to a Title III wiretap); Ditommaso, supra, 817 F.2d at 210 (case involving "hundreds of reels of [audio]tapes" found sufficiently complex to justify exclusion of time under §3161 (h)(8)(A)). Courts have also recognized that the necessity of gathering and producing a large amount of documents increases the complexity of a case and can alternately justify exclusion of time under the Speedy Trial Act.  See United States v. Beech Nut Nutrition Corporation, 871 F.2d 1181, 1197-1198 (2d Cir.) (case in which government made available to defendants approximately 30,000 documents was "complex within the meaning of the Speedy Trial Act"), cert. denied, 493 U.S. 933 (1989).

13.  The instant case is at least as "complex" as those described above in which courts have excluded time under Section 3161(h)(8)(A).  We believe that the superceding indictment will add an additional six to ten defendants and an additional twelve to twenty substantive counts.  Without more, the sheer number of defendants and separately charged incidents justifies this Court's exclusion of time from the Speedy Trial Act calculation.  The number of individual defendants and separate counts will prompt the production of thousands of pages of documents to each of the co-conspirators, material that will take time to gather, distribute, and to review.  Much of that evidence takes the form of numerous separate recorded conversations.  All of that material will need to be reviewed by each defense attorney.  That review will undoubtedly prompt motions to suppress, to sever, and to otherwise limit the quantum of evidence to be presented against these defendants.  The sheer volume of evidence in this case makes it complex and, according the above-cited authority and an application of the plain language of the Speedy Trial statute, compels an exclusion of time.

14.  The 120-day exclusion requested in this motion will serve both the United States and the defendants and insure that this significant, complicated case is thoroughly prepared for trial. The government needs extra time to prepare a vast amount of material for trial presentation, taking steps such as preparing transcripts of the pertinent intercepted conversations. Moreover, the additional time will facilitate dispositions short of trial. Many of the defendants in this case have expressed interest in entering guilty pleas and cooperating

with the government.  Debriefings have already begun.  The debriefing of those interested

individuals and negotiating dispositions of their cases is extremely time-consuming.

Information provided by those individuals will likely lead to additional charges against

remaining co-conspirators and possibly others not yet arrested.  The United States expects

that the evolution of the debriefing process and the cooperation of those interested co-

conspirators will significantly reduce the number of defendants who will ultimately remain

when this case approaches readiness for trial.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that

this Court enter an Order excluding from computation under the Speedy Trial Act a period

of 120 days, commencing when the last of the defendants subject to the superceding

indictment is brought before this Court.

Respectfully submitted,

JEFFERY A. TAYLOR
UNITED STATES ATTORNEY
D.C. BAR NO. 498-610


By:     _____

MARTIN DEE CARPENTER
D.C. Bar. No. 431-211
Assistant United States Attorney
Organized Crime and Narcotics Trafficking Section
Room No. 4116
555 Fourth Street, N.W.
Washington, D.C. 20530
202/514-7063

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 6th day of December, 2006, to counsel for Defendant Richards, Brian McDaniel, Esquire, by electronic filing kbmassociates@aol.com and by first class mail, postage prepaid, to Suite No. 506, 1211 Connecticut Avenue, Northwest, Washington, D.C. 20036, Office No. (202) 331-0793; Facsimile (202) 331-7004, and by electronic filing to:

Attorney Danielle C. Jahn
Email: dani_jahn@fd.org

Attorney Joanne D. Slaight
Email: jslaight@att.net


_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C. 20530
(202) 514-7063

Email: martin.carpenter2@usdoj.gov

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| **v.** | : | **Case No.  06-306 (TFH)** |
| | : | |
| **MICHAEL DANIEL RICHARDS, Et. Al.** | : | |
| **Defendant.** | : | **Hearing Date: Dec. 7, 2006** |

## ORDER

This matter came before the Court on the Government's motion for joinder of

indictments, defendants, and offenses.  Upon consideration of that motion, it is by the

Court this _____ day of December, 2006.

ORDERED, that the Government's motion be, and the same hereby is GRANTED.

It is hereby FURTHER ORDERED that the Government's motion be made a part

of the record in this case.  SO ORDERED.


_____
JUDGE, United States District Court for the
District of Columbia

cc:

Martin Dee Carpenter
Assistant United States Attorney
555 4th Street, N.W., Room 4116
Washington, D.C. 20530
Office No. (202) 514-7063
Facsimile   (202) 616-2296
Email: martin.carpenter2@usdoj.gov

Attorney Brian K. McDaniel
Email: bkmassociates@aol.com

Attorney Danielle C. Jahn
Email: dani_jahn@fd.org

Attorney Joanne D.Slaight
Email: jslaight@att.net

Clerk of the Court
United States District Court
for the District of Columbia