UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | Case No. 05-242(ES) |
| | : | |
| **MICHAEL DANIEL RICHARDS, Et. Al.** | : | |
| Defendant. | : | Hearing Date: January 19, 2007 |

**GOVERNMENT'S MOTION FOR JOINDER OF
INDICTMENTS, OFFENSES AND DEFENDANTS**

*COMES NOW*, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully to move this Honorable Court Chief Judge Hogan and Judge Sullivan to consider the joinder of indictments, offenses and defendants in the above captioned cases. Based on the status hearing that was held this morning, December 7, 2006, the Honorable Chief Judge Hogan suggested that case 05-242 and 06-306 may have to be referred to the calendar committee to determine if these cases should be assigned to Chief Judge Hogan or to Judge Sullivan. In support whereof, we submit as follows:

**BACKGROUND**

1. On June 23, 2005, the Grand Jury for the United States District Court for the District of Columbia rendered a three count indictment against Defendants Michael Richards and Donnie Smith, which resulted in Criminal Case No. 05-242, that alleged: In Count One that from December 2001 to May 2002, that they along with others conspired to distribute and possess with the intent to distribute 50 grams or more of cocaine base. Also known as "Crack." In Count Two that on December 6, 2001, the Richards and Smith aided and abetted one another to distribute 50 grams or

more of crack. And, in Count Three that on February 19, 2002, that Richards and Smith aided and abetted one another to distribute more than 5 grams of crack.

  2. On October 12, 2006, the Grand Jury for the United States District Court for the District of Columbia rendered a three count indictment against Defendants Michael Richards, Russeline Deniel Miles and Christopher Fleming, which resulted in Criminal Case No. 06-306, that alleged: In Count One that from January 2006 through September 2006, the three defendants aided and abetted one another to unlawfully maintain a premises to manufacture, distribute, store and use crack. In Counts Two and Three, on August 18, 2006 and August 29, 2006, respectively, the three Defendants aided and abetted one another to distribute more than 50 grams of crack. In Counts Four and Five, on September 22, 2006 and September 26, 2006, respectively, the three Defendants aided and abetted one another to distribute a detectable amount crack. And, that on September 26, 2006, the date of their arrests, that the three Defendants possessed with the intent to distribute and aided and abetted each other to illegally possess more than 50 grams of crack.

  3. This started out as a DEA investigation that they were developing in 2000, targeting the location, xx xxxxxx xxxxxx, xx, Apartment xxx in November 2000. The Defendant Michael Richards, aka "Wayne," was the primary target of the investigation. On December 6, 2001 at approximately 3:30 p.m., the UC called Richards on xxx-xxxx and set up the buy for about an hour later. The call was recorded and has been transcribed. At approximately 4:46 p.m., UC and Officer Norris drove to xx xxxxxxx xxxxxx xx and park. Donnie Smith talked to them through passenger window. According to the buy report, Smith then went to talk to Richards and motioned the UC over. The OP tape captures Smith talking to the UC in the car. Once in the building, Smith tells the UC to go upstairs. The UC says no and asks where Richards is located. A woman responds he's in

Apartment 104 and will be right out. Richards then comes out of Apartment 104 with crack and the Richards and the UC go upstairs to Apartment 201, which is leased to Donnie Smith. The UC then gives Richards $2400 in exchange for 50.6 grams of crack cocaine.

4. On February 19, 2002, at approximately 4:18 p.m., the UC calls Richards on xxx-xxxx[1] and sets up the deal for later that day. The call was recorded and has been transcribed. The UC told Richards to come out to the car because his leg is messed up. At approximately 5:11 p.m., the UC drove up in front of xx xxxxxxx xxxxxx, NE and Donnie Smith approached the car. The UC asked where Richards was, and Smith pointed to the window and told the UC to lean over and he could see him. The UC then told Smith to get in the car, and he handed Smith $2400 in exchange for 51.4 grams of crack cocaine. The interior car camera catches this all on tape, including the sound, and the quality is very good. There is also an observation video tape.

5. On August 18, 2006, the Metropolitan Police Department's Narcotics and Special Investigations Division (MPD/NSID), Unit while conducting undercover narcotics operations, in the high crime area of xx xxxxxx xxxxxx, xxxxxxxxx, Washington, D.C., purchased approximately 61 grams of cocaine base from these coconspirators for $2,400.00, in U.S. currency. Specifically, the purchase was made directly hand-to-hand from Defendant Richards, who transferred the 61 grams of cocaine base to the undercover officer, in exchange for $2,400.00, in U.S. currency. However, at the direction of Defendant Miles, Defendant Richards gave her the $2,400.00, that the undercover officer had paid Defendant Richards for the cocaine base that he received contemporaneously from

---

[1] The old number xxx-xxxx was changed to this new number on the same account, with the same subscriber and subscriber information as before.

Defendant Richards. Undercover investigation demonstrates that Defendants Richards, Miles and Fleming, utilized Apartment No. Xxx, xxxxxxxxx xxxxxx, Northeast, Washington, D.C., to store and sell cocaine base from January 2006 through September 2006 based on evidence gained by the MPD NSID Unit.

6. On August 29, 2006, the Metropolitan Police Department's Narcotics and Special Investigations Division (NSID) conducted a narcotics operation in the high crime area of xx xxxxxx xxxxxx, xxxxxxxxx, Washington, D.C. The NSID had identified Defendants and coconspirators Michael Richards, Russeline Miles and Christopher Fleming as major cocaine base, also known as crack distributers in Northeast Washington, D.C. On August 29, 2006, at approximately, 6:30 p.m., the NSID, conducted an undercover narcotics operation which had been set-up directly with Defendant Richards via a recorded telephone call for the purchase of 62 grams of cocaine base. At approximately, 7:30 p.m., an undercover officer (UC) met with Defendants Michael Richards, Russeline Miles and Christopher Fleming, in the front of xx xxxxxx xxxxxx,xxxxxxxxxx, Washington. While the UC was on a recorded telephone call to Defendant Richards, Defendants Miles and Fleming came out of xx xxxxxx xxxxxx. Defendant Fleming sat in the back of the UC vehicle, and Defendant Miles sat in the front and she advised that Defendant Richards was inside xx xxxxxx xxxxxx watching the cocaine base transaction. While still on the recorded telephone call with Defendant Richards, he assured the UC that it was save to deal with Defendants Miles and Fleming, by stating that they were "family." Accordingly, Defendant Fleming handed the UC 60 grams of cocaine base which concealed inside a black plastic bag. The UC then gave Defendant Miles, $2,400.00, in U.S. currency. Defendant Miles openly counted the money and both Defendants Miles and Fleming exited the UC vehicle.

7. On September 22, 2006 and September 26, 2006, undercover purchases of cocaine base where made directly from Apartment No. 202 from Defendants Richards, Fleming and Miles. The NSID obtained a District of Columbia Superior Court search warrant for Apartment No. 202, which is leased by Defendant Fleming.

8. On September 26, 2006, at approximately, 7:00 p.m., the NSID sought to execute the search warrant it had obtained for Apartment No. 202. Additionally, the NSID had set-up a deal for 62 grams of cocaine base via a recorded telephone call to Defendant Richards. Upon their arrival, Defendants Richards, Miles, and Fleming were all standing outside of the building. The NSID based on the facts of investigation sought to detain the three defendants. Defendant Miles spontaneously told the police that she had a large quantity of cocaine base in her upper undergarment and confessed that she and Defendants Richards and Fleming had been distributing cocaine base together for approximately 18 months. Search incident to arrest of Defendant Richards disclosed $686.00, in U.S. currency and 4 $10.00 ziplocks of cocaine base which ziplocks matched the numerous empty ziplocks which were seized from inside Apartment No. 202, which apartment was leased by Defendant Fleming. All the substances seized and purchased during this undercover cocaine base investigation field-tested positive for cocaine.

## ARGUMENT

9. The Government now moves that the indictments, defendants, offenses charges in the above captioned cases be joined together for a single trial before the same court. In a separate motion the Government has requested that the "Speedy Trial Act" be tolled to allow the Government additional time, 120 days, to conduct additional grand jury investigation for the purpose of superceding the indictments in both cases, to merge them into a single indictment, and to add

additional defendants and offenses to the crimes now charged. We submit that the crimes charged in both cases emanate from a single continuous conspiracy based on the same facts and evidence of each defendants' own separate role in this conspiracy. As a threshold matter, the defendants in this case will be properly joined based on their concerted participation in the charged conspiracy. Joinder is proper where the defendants are alleged to have participated in the same series of acts constituting the lead offense. United States v. Colatriano, 624 F.2d 686, 688 (5th Cir. 1980); United States v. Heck, 499 F.2d 778, 789 (9th Cir.) (defendants properly joined who participated in a conspiracy and assault on federal officials), cert. denied, 419 U.S. 1088 (1974); United States v. Becker, 569 F.2d 951, 964 (5th Cir.) (defendants properly joined where they were charged with conspiracy to defraud, wire fraud, and interstate transportation of checks), cert. denied, 439 U.S. 865 (1978).

   10.   In codefendant cases, Fed. R. Crim. P. 8(b) controls joinder of both offenses and defendants. United States v. Perry, 731 F.2d 985, 989 (D.C. Cir. 1984); United States v. Jackson, 562 F.2d 789, 793-94 (D.C. Cir. 1977). This Circuit construes Rule 8(b) broadly in favor of joinder. United States v. Gibbs, 904 F.2d 52, 56 (D.C. Cir. 1990) ("[T]his court . . . has repeatedly declared that joint trials may be preferred, given the heavy and increasing criminal case load in our trial courts."); United States v. Perry, 731 F.2d at 991; Jackson, 562 F.2d at 796-97; United States v. Hines, 455 F.2d 1317, 1334 (D.C. Cir. 1971), cert. denied, 406 U.S. 975 (1972). In short, "a substantial public interest supports joint trial." United States v. Friedman, 445 F.2d 1076, 1082 (9th Cir.), cert. denied, 404 U.S. 958 (1971). Jackson, 562 F.2d at 796-97; Hines, 455 F.2d at 1334, cert. denied, 406 U.S. 975 (1972).

   11.   Generally, persons charged in a conspiracy should be tried together. See, e.g., United States v. Boyd, 610 F.2d 521 (8th Cir. 1979), cert. denied, 444 U.S. 1089 (1980). "Rarely, if ever,

will it be improper for co-conspirators to be tried together." United States v. Stephenson, 924 F.2d 753, 761 (8th Cir. 1991). Furthermore, severance is not required or favored even when all co-conspirators are not charged in every substantive count of the indictment, Schaffer v. United States, 362 U.S. 511, 512-13 (1960); United States v. Leach, 613 F.2d 1295, 1303 (5th Cir. 1980), or when the charged co-conspirators did not participate in all phases of the conspiracy, Blumenthal v. United States, 332 U.S. 539, 556-57 (1947); Leach, 613 F.2d at 1299. There is no mandate that severance be granted if one defendant's role was smaller or less important than another's. United States v. Nersesian, 824 F.2d 1294 (2d Cir. 1987); United States v. Ianniello, 621 F. Supp. 1455, 1477-78 (S.D.N.Y. 1985), aff'd, 808 F.2d 84 (2d Cir. 1986), cert. denied, 483 U.S. 106 (1987) (fact that defendant plays minor role in a conspiracy does not entitle him to severance).

12. This Court has wide discretion in determining joinder. United States v. Butler, 822 F.2d 1191, 1196 (D.C. Cir. 1987). One of the main factors courts should consider in making its joinder determination is the furtherance of the judicial system's strong and legitimate interest in efficient and expeditious proceedings. United States v. Long, 905 F.2d 1572 (D.C. Cir. 1990). Joinder of counts and defendants is designed to promote judicial economy and efficiency by avoiding multiple trials, where that can be accomplished without substantial prejudice to the rights of the defendants to a fair trial. Bruton v. United States, 391 U.S. 123, 131 n.6 (1968). Factors that the court should consider include: (1) the presentation of the same evidence; (2) testimony from the same witnesses; and (3) the same illegal acts. United States v. Manner, 997 F.2d 317 (D.C. Cir. 1989), cert. denied, 493 U.S. 1062 (1990); United States v. Tarantino, 946 F.2d 1384 (D.C. Cir. 1988).

13. All Defendants are charged in the Conspiracy count of the two indictments and are charged with specific counts which they committed in furtherance of the conspiracy(again we submit

that this is a single conspiracy). The evidence against each defendant overlaps substantially with evidence to be presented against the codefendants. A number of agents of the Drug Enforcement Administration, Internal Revenue Service, U.S. Postal Service and officers of the Metropolitan Police Department, the chemist, a drug expert, and perhaps others, will all testify against all defendants. Joinder will allow the Government to present the same witnesses and the same evidence at separate trials. Such a result is undesirable. See United States v. Erfrasio, 935 F.2d 553, 570-71 (3d Cir. 1991). In addition, the burden upon those testifying would not be "slight," as all have other obligations in addition to making court appearances.

14. The defendants bear the burden of proving prejudicial joinder under Fed. R. Crim. P. 14(b). They cannot bear that burden. Rule 14 countenances some prejudice to a defendant from a joint trial, and severance is not required simply because a defendant might have a better chance of acquittal if tried separately. United States v. Halliman, 923 F.2d 873, 884 (D.C. Cir. 1991) (citing United States v. Manner, 887 F.2d at 324); see also United States v. Wright, 783 F.2d 10991, 1095 (D.C. Cir. 1986); United States v. Hopkins, 464 F.2d 816, 819 (D.C. Cir. 1972); United States v. Wilson, 434 F.2d 494, 501 (D.C . Cir. 1970). In making a determination on severance, the Court must balance the risk of prejudice to the defendant against the interest in judicial economy. Butler, 822 F.2d at 1194. The Court of Appeals has struck a balance in favor of joint trials. United States v. Leonard, 494 F.2d 955, 965 (D.C. Cir. 1974). To warrant severance, the risk of prejudice must be compelling. United States v. Cross, 928 F.2d 1030 (11th Cir. 1991). The test for determining "compelling prejudice" is the jury's ability to follow the trial court's instruction and to consider separately the evidence relating to each defendant. Id.; see also United States v. Leavitt, 878 F.2d 1329 (11th Cir. 1989). It is settled that when two or more defendants are charged jointly with

committing a criminal offense, there is a strong presumption that they will be tried jointly. <u>Zafiro v. United States</u>, 506 U.S. 534, 113 S.Ct. 933, 937 (1993). Therefore, the Defendants cannot demonstrate any prejudice to the individual rights by a joint trial with their codefendants or with each of the stated offenses in the indictment.

WHEREFORE, the Government respectfully requests that the Government's motion to join the indictments, offenses, and defendants in the above captioned cases be granted.

                                            Respectfully submitted,

                                            JEFFERY A. TAYLOR
                                            UNITED STATES ATTORNEY
                                            D.C. BAR NO. 498-610

By: _____
     MARTIN DEE CARPENTER
     D.C. Bar. No. 431-211
     Assistant United States Attorney
     Organized Crime and Narcotics Trafficking Section
     Room No. 4116
     555 Fourth Street, N.W.
     Washington, D.C. 20530
     202/514-7063

**CERTIFICATE OF SERVICE**

  I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 6th day of December, 2006, to counsel for Defendant Richards, Brian McDaniel, Esquire, by electronic filing kbmassociates@aol.com and by first class mail, postage prepaid, to Suite No. 506, 1211 Connecticut Avenue, Northwest, Washington, D.C. 20036, Office No. (202) 331-0793; Facsimile (202) 331-7004, and by electronic filing to:

Attorney Danielle C. Jahn
Email: dani_jahn@fd.org

Attorney Joanne D. Slaight
Email: jslaight@att.net

                _____
                MARTIN DEE CARPENTER, Bar No. 431-211
                Assistant United States Attorney
                Organized Crime & Narcotics Trafficking Section
                555 4th Street, N.W., Room No. 4116
                Washington, D.C. 20530
                (202) 514-7063

                Email: martin.carpenter2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 06-306 (TFH) |
| | : | |
| MICHAEL DANIEL RICHARDS, Et. Al. | : | |
| Defendant. | : | Hearing Date: Dec. 7, 2006 |

### ORDER

This matter came before the Court on the Government's motion for joinder of indictments, defendants, and offenses. Upon consideration of that motion, it is by the Court this _____ day of December, 2006.

ORDERED, that the Government's motion be, and the same hereby is GRANTED.

It is hereby FURTHER ORDERED that the Government's motion be made a part of the record in this case. SO ORDERED.

_____
JUDGE, United States District Court for the
District of Columbia

cc:

Martin Dee Carpenter
Assistant United States Attorney
555 4th Street, N.W., Room 4116
Washington, D.C. 20530
Office No. (202) 514-7063
Facsimile   (202) 616-2296
Email: martin.carpenter2@usdoj.gov

Attorney Brian K. McDaniel
Email: bkmassociates@aol.com

Attorney Danielle C. Jahn
Email: dani_jahn@fd.org

Attorney Joanne D. Slaight
Email: jslaight@att.net

Clerk of the Court
United States District Court
for the District of Columbia