UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| v. | : | Case No. 06-306 (EGS) |
| | : | |
| MICHAEL DANIEL RICHARDS, Et. Al. | : | |
| Defendant. | : | Hearing Date: June 21, 2007 |

### GOVERNMENT'S MOTION IN LIMINEA TO ADMIT BRUTON STATEMENT AND WAIVER OF INEFFECTIVENESS

*COMES NOW*, the United States of America, by and through its Attorney, the United States Attorney for the District of Columbia, respectfully to move this Honorable Court to consider the Government's Motion In Liminea to admit Bruton Statement and Waiver of Ineffectiveness in the above captioned cases. In support whereof, we submit as follows:

### BACKGROUND

1. On June 23, 2005, the Grand Jury for the United States District Court for the District of Columbia rendered a three count indictment against Defendants Michael Richards and Donnie Smith, which resulted in Criminal Case No. 05-242, that alleged: In Count One that from December 2001 to May 2002, that they along with others conspired to distribute and possess with the intent to distribute 50 grams or more of cocaine base. Also known as "Crack." In Count Two that on December 6, 2001, the Richards and Smith aided and abetted one another to distribute 50 grams or more of crack. And, in Count Three that on February 19, 2002, that Richards and Smith aided and abetted one another to distribute more than 5 grams of crack.

2. On October 12, 2006, the Grand Jury for the United States District Court for the District of Columbia rendered a three count indictment against Defendants Michael Richards, Russeline Deniel Miles and Christopher Fleming, which resulted in Criminal Case No. 06-306, that alleged: In Count One that from January 2006 through September 2006, the three defendants aided and abetted one another to unlawfully maintain a premises to manufacture, distribute, store and use crack. In Counts Two and Three, on August 18, 2006 and August 29, 2006, respectively, the three Defendants aided and abetted one another to distribute more than 50 grams of crack. In Counts Four and Five, on September 22, 2006 and September 26, 2006, respectively, the three Defendants aided and abetted one another to distribute a detectable amount crack. And, that on September 26, 2006, the date of their arrests, that the three Defendants possessed with the intent to distribute and aided and abetted each other to illegally possess more than 50 grams of crack.

3. This started out as a DEA investigation that they were developing in 2000, targeting the location, 77 Hawaii Avenue, NE, Apartment 204 in November 2000. The Defendant Michael Richards, aka "Wayne," was the primary target of the investigation. On December 6, 2001 at approximately 3:30 p.m., the UC called Richards on 307-3368 and set up the buy for about an hour later. The call was recorded and has been transcribed. At approximately 4:46 p.m., UC and Officer Norris drove to 86 Webster Street NE and park. Donnie Smith talked to them through passenger window. According to the buy report, Smith then went to talk to Richards and motioned the UC over. The OP tape captures Smith talking to the UC in the car. Once in the building, Smith tells the UC to go upstairs. The UC says no and asks where Richards is located. A woman responds he's in Apartment 104 and will be right out. Richards then comes out of Apartment 104 with crack and the

Richards and the UC go upstairs to Apartment 201, which is leased to Donnie Smith. The UC then gives Richards $2400 in exchange for 50.6 grams of crack cocaine.

4. On February 19, 2002, at approximately 4:18 p.m., the UC calls Richards on 422-6876[1] and sets up the deal for later that day. The call was recorded and has been transcribed. The UC told Richards to come out to the car because his leg is messed up. At approximately 5:11 p.m., the UC drove up in front of 86 Webster Street, NE and Donnie Smith approached the car. The UC asked where Richards was, and Smith pointed to the window and told the UC to lean over and he could see him. The UC then told Smith to get in the car, and he handed Smith $2400 in exchange for 51.4 grams of crack cocaine. The interior car camera catches this all on tape, including the sound, and the quality is very good. There is also an observation video tape.

5. On August 18, 2006, the Metropolitan Police Department's Narcotics and Special Investigations Division (MPD/NSID), Unit while conducting undercover narcotics operations, in the high crime area of 65 Hawaii Avenue, Northeast, Washington, D.C., purchased approximately 61 grams of cocaine base from these coconspirators for $2,400.00, in U.S. currency. Specifically, the purchase was made directly hand-to-hand from Defendant Richards, who transferred the 61 grams of cocaine base to the undercover officer, in exchange for $2,400.00, in U.S. currency. However, at the direction of Defendant Miles, Defendant Richards gave her the $2,400.00, that the undercover officer had paid Defendant Richards for the cocaine base that he received contemporaneously from

---

[1] The old number 607-3368 was changed to this new number on the same account, with the same subscriber and subscriber information as before.

Defendant Richards. Undercover investigation demonstrates that Defendants Richards, Miles and Fleming, utilized Apartment No. 202, 65 Hawaii Avenue, Northeast, Washington, D.C., to store and sell cocaine base from January 2006 through September 2006 based on evidence gained by the MPD NSID Unit.

      6. On August 29, 2006, the Metropolitan Police Department's Narcotics and Special Investigations Division (NSID) conducted a narcotics operation in the high crime area of 65 Hawaii Avenue, Northeast, Washington, D.C. The NSID had identified Defendants and coconspirators Michael Richards, Russeline Miles and Christopher Fleming as major cocaine base, also known as crack distributers in Northeast Washington, D.C. On August 29, 2006, at approximately, 6:30 p.m., the NSID, conducted an undercover narcotics operation which had been set-up directly with Defendant Richards via a recorded telephone call for the purchase of 62 grams of cocaine base. At approximately, 7:30 p.m., an undercover officer (UC) met with Defendants Michael Richards, Russeline Miles and Christopher Fleming, in the front of 65 Hawaii Avenue, Northeast, Washington. While the UC was on a recorded telephone call to Defendant Richards, Defendants Miles and Fleming came out of 65 Hawaii Avenue. Defendant Fleming sat in the back of the UC vehicle, and Defendant Miles sat in the front and she advised that Defendant Richards was inside 65 Hawaii Avenue watching the cocaine base transaction. While still on the recorded telephone call with Defendant Richards, he assured the UC that it was save to deal with Defendants Miles and Fleming, by stating that they were "family." Accordingly, Defendant Fleming handed the UC 60 grams of cocaine base which concealed inside a black plastic bag. The UC then gave Defendant Miles, $2,400.00, in U.S. currency. Defendant Miles openly counted the money and both Defendants Miles and Fleming exited the UC vehicle.

7. On September 22, 2006 and September 26, 2006, undercover purchases of cocaine base where made directly from Apartment No. 202 from Defendants Richards, Fleming and Miles. The NSID obtained a District of Columbia Superior Court search warrant for Apartment No. 202, which is leased by Defendant Fleming.

8. On September 26, 2006, at approximately, 7:00 p.m., the NSID sought to execute the search warrant it had obtained for Apartment No. 202. Additionally, the NSID had set-up a deal for 62 grams of cocaine base via a recorded telephone call to Defendant Richards. Upon their arrival, Defendants Richards, Miles, and Fleming were all standing outside of the building. The NSID based on the facts of investigation sought to detain the three defendants. Defendant Miles spontaneously told the police that she had a large quantity of cocaine base in her upper undergarment and confessed, amongst other important criminal matters, that she and Defendants Richards and Fleming had been distributing cocaine base together for approximately 18 months. Defendant Miles later rendered a detailed video-taped confession. Search incident to arrest of Defendant Richards disclosed $686.00, in U.S. currency and 4 $10.00 ziplocks of cocaine base which ziplocks matched the numerous empty ziplocks which were seized from inside Apartment No. 202, which apartment was leased by Defendant Fleming. All the substances seized and purchased during this undercover cocaine base investigation field-tested positive for cocaine.

9. The oral and video-taped statements rendered by Defendant Miles formed part of the basis for the Honorable Judge Rosemary Collyer to hold Defendants Richards and Flemings without bond pending trial.

**ARGUMENT**

In <u>Bruton v. United States</u>, 391 U.S. 123, 188, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968), the United States Supreme Court held that a defendant is deprived of his rights under the Confrontation Clause when his codefendant's incriminating confession is introduced at their joint trial, even if the jury is instructed to consider that confession only against the codefendant. Accordingly, since the defendants in this case have not moved to exclude the spontaneous oral statements of Defendant Miles and also, they have not moved to exclude her detailed video confession, the Government moves to admit the evidence as described in advance of trial. Additionally, we request a finding and order from this Court, which finds that the defendant waived any claims of ineffectiveness on the part of their attorneys and made the tactical decision to avail themselves of their speedy trial rights. 18 U.S.C. sec. 3161.

In <u>Parker v. Randolph</u>, 442 U.S. 62, 99 S.Ct. 2132, 60 L.Ed.2d 713 (1979), the Supreme Court determined that for a defendant to succeed on a claim of ineffective assistance of counsel, a defendant must show that his "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." <u>Strickland v. Washington</u>, 466 U.S. 668, 686 (1984). In order to prevail on an ineffective assistance of counsel claim, the defendant must satisfy Strickland's two-prong test, demonstrating that the representation received "fell below an objective standard of reasonableness" and "a reasonable probability [exists] that but for counsel's unprofessional errors, the results of the proceedings would have been different." <u>Strickland</u>, 466 U.S. at 688, 694.

"It is the client's right to expect that his lawyer will use every skill, expend every energy, and tap every legitimate resource in the exercise of independent professional judgment on behalf of the client and in undertaking representation of the client's interests." <u>Frazer v. United States</u>, 18 F.3d

778, 785 (9th Cir. 1994). "Defense counsel must do his utmost to bring his legal acumen to bear on behalf of the defendant; keep the defendant fully informed of developments in the case and consult with the defendant on all major decisions to be made; conduct a reasonable pre-trial investigation, which should include contacting potential witnesses; prepare adequately and professionally for trial; conduct the trial to the best of his ability; and, at the bottom, serve as a vigorous and devoted advocate of the defendant's cause." United States Ex. Rel. Partee v. Lane, 926 F.2d 694, 702 (7th Cir. 1991). A defendant's right to effective assistance of counsel confers a duty on counsel to conduct an adequate pre-trial investigation. ABA Standards Relating to the Administration of Criminal Justice confirms that:

> It is the duty of the lawyer to conduct a prompt investigation of the circumstances of the case and to explore all avenues leading to facts relevant to the merits of the case and the penalty in the event of conviction. The investigation should always include efforts to secure information in the possession of the prosecution and law enforcement authorities. The duty to investigate exists regardless of the accused's admissions or statements to the lawyer of facts constituting guilt or the accused's stated desire to plead guilty.

Standard 4-4.1. Failure to investigate the defendant's alibi and interview potential witnesses can rise to the level of ineffective assistance. Powell v. Alabama, 287 U.S. 45, 58, (1932). In certain circumstances, failure to investigate a defense would amount to ineffective assistance of counsel requiring a reversal of the conviction. Bryan v. Mullin, 335 F.3d 1207 (10th Cir. 2003). Further, counsel has a duty to investigate, and that duty extends to all investigation which is reasonable. Wallace v. Ward, 191 F.3d 1235, 1247-48 (10th Cir. 1999). Counsel also has a duty, in deciding how best to investigate, to be responsive to the wishes of his client. Romano v. Gibson, 239 F.3d 1156, (10th Cir. 2001).

Accordingly, should the defendants in this case choose to go forward in this trial without the benefit of moving to exclude the statements of Defendant Miles, then we request that this Court protect the record and find that they have done so tactically, knowingly, voluntarily and that no claim of ineffectiveness of counsel will rest on the basis of defense counsel not moving to exclude the statement of Defendant Miles.

WHEREFORE, the Government respectfully requests that the Government's motion be granted.

                                  Respectfully submitted,

                                  JEFFERY A. TAYLOR
                                  UNITED STATES ATTORNEY
                                  D.C. BAR NO. 498-610

By: _____
      MARTIN DEE CARPENTER
      D.C. Bar. No. 431-211
      Assistant United States Attorney
      Organized Crime and Narcotics Trafficking Section
      Room No. 4116
      555 Fourth Street, N.W.
      Washington, D.C. 20530
      202/514-7063

**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of this pleading has been mailed, postage prepaid, this 1st day of June, 2007, to counsel for Defendant Richards, Brian McDaniel, Esquire, by electronic filing kbmassociates@aol.com and by first class mail, postage prepaid, to Suite No. 506, 1211 Connecticut Avenue, Northwest, Washington, D.C. 20036, Office No. (202) 331-0793; Facsimile (202) 331-7004, and by electronic filing to:

Attorney Danielle C. Jahn
Email: dani_jahn@fd.org

Attorney Joanne D. Slaight
Email: jslaight@att.net

                                                MARTIN DEE CARPENTER, Bar No. 431-211
                                                Assistant United States Attorney
                                                Organized Crime & Narcotics Trafficking Section
                                                555 4th Street, N.W., Room No. 4116
                                                Washington, D.C. 20530
                                                (202) 514-7063

                                                Email: martin.carpenter2@usdoj.gov

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, : | |
| : | |
| v. : | Case No. 06-306 (EGS) |
| : | |
| MICHAEL DANIEL RICHARDS, Et. Al. : | |
| Defendant. : | Hearing Date: June 21, 2007 |

### ORDER

This matter came before the Court on the Government's motion for an order of protection from the defendants claims of ineffectiveness of counsel based on their defense counsel not moving to exclude the oral and video taped statements of Defendant Miles. This Court finds that the defendants in this case will not be allowed to claim ineffectiveness of counsel based on the matters raised in the Government's motion and the entire record of this case. Upon consideration of that motion, it is by the Court this _____ day of June, 2007.

ORDERED, that the Government's motion be, and the same hereby is GRANTED.

It is hereby FURTHER ORDERED that the Government's motion be made a part of the record in this case. SO ORDERED.

_____
EMMENT G. SULLIVAN
JUDGE, United States District Court for the
District of Columbia

cc:

Martin Dee Carpenter
Assistant United States Attorney
555 4th Street, N.W., Room 4116
Washington, D.C. 20530
Office No. (202) 514-7063
Facsimile   (202) 616-2296
Email: martin.carpenter2@usdoj.gov

Attorney Brian K. McDaniel
Email: bkmassociates@aol.com

Attorney Danielle C. Jahn
Email: dani_jahn@fd.org

Attorney Joanne D.Slaight
Email: jslaight@att.net

Clerk of the Court
United States District Court
for the District of Columbia