IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Cr. No. 06-306-1(TFH) |
| ) | |
| MICHAEL RICHARDS, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

MOTION TO SEVER DEFENDANTS AND MEMORANDUM
OF POINTS AND AUTHORITIES IN SUPPORT THEREOF

Defendant Michael Richards, through counsel Brian K. McDaniel and McDaniel & Asso. P.A., respectfully moves this Honorable Court, pursuant to the Confrontation Clause of the Sixth Amendment to the United States Constitution, for a severance from co-defendants Russeline Miles, and Christopher Fleming. Ms. Miles has made statements incriminating Mr. Richards which the government has not renounced its intention of introducing against Mr. Richards at a joint trial with Ms. Miles. Furthermore, it is likely that Ms. Miles will act as a second prosecutor against Mr. Richards should there be a joint trial. For these reasons, Mr. Richards submits that he is entitled to a severance from co-defendant Miles.

I. INTRODUCTION OF MS. MILES' STATEMENTS AT A JOINT TRIAL WOULD VIOLATE MR. RICHARDS' SIXTH AMENDMENT RIGHTS.

The government may seek to introduce some or all of Ms. Miles statements against her in a joint trial with Mr. Richards. Ms. Miles, through counsel, has not indicated a definite intention to testify on her own behalf at trial, which would make her available for cross-examination by Mr. Richards.[1]

---

[1] Of course, even if Mr. Downing testifies at trial, his statements to police would still be "inadmissible hearsay . . .

---

[with] no legitimate probative force against the non-declarant co-defendant," <u>i.e.</u>, Mr. Bradley. <u>Carpenter v. United States</u>, 430 A.2d 496, 500 (D.C. 1980)(en banc). Because "'a fair trial requires that the factfinder determine the issues solely based on relevant and competent evidence as to each party,'" <u>id</u>., the Court of Appeals in <u>Carpenter</u> made clear that severance might still be required even if the co-defendant takes the stand and testifies because his out-of-court statement is still hearsay which the jury might not be able to ignore., <u>Id</u>. at 500-501. Thus, even if Mr. Downing had announced a definite intention of testifying at trial, Mr. Hamlin would still be moving for, and entitled to, severance.

Of course, the statements of Ms. Miles implicating Mr. Richards in the alleged offenses are hearsay of the very worse kind: that coming from an alleged accomplice. Lee v Illinois, 476 U.S. 530, 575 (1976) (such statements are inherently and presumptively unreliable). To allow the introduction of such statements at a joint trial, ostensibly only against Ms. Miles would, even with a limiting instruction, violate Mr. Richards' right under the Confrontation Clause of the Sixth Amendment and Bruton v. United States, 391 U.S. 123 (1968) and its progeny.[2]

Moreover, Ms. Miles statements obviously cannot be sufficiently sanitized to eliminate any reference to Mr. Richards' very existence, which is required under Richardson v. Marsh, 481 U.S. 200, 211 (1987) and Foster v. United States, 548 A.2d 1370, 1378-1379 (D.C. 1988) (redaction of a co-defendant's inculpatory statement by the substitution of neutral reference or descriptions for actual names not permitted where there is a "substantial risk" that the jury will consider the statement in deciding the guilt of the defendant; "such an assessment will require consideration of other evidence to determine whether the redaction is effective, when taken in context, to avoid linkage with the defendant"). See also Smith v. United States, 561 A.2d 468, 473-474 (D.C. 1989) (reversal required by admission of statement, in which references to two co-defendants and victim were replaced with "person," "friend," and "guy" because the jury would "readily be able to infer"

---

[2] In Bruton, of course, the Supreme court held that the introduction at a joint trial of a co-defendant's out-of-court statement violated the defendant's rights of confrontation where the co-defendant does not take the stand, even though the jury is told to disregard the statements to the extent they concern the defendant. Bruton, 391 U.S. at 137.

from other evidence that the statement referred to the co-defendants).  Accordingly, severance is required.

II.     MR. RICHARDS SHOULD BE SEVERED BECAUSE OF CONFLICTING AND IRRECONCILABLE DEFENSES.

In addition to the above-mentioned grounds for severance, the Fed. Rules of Crim. Pro. Provide for relief from prejudicial joinder of defendants.  Several analyses have developed governing the assessment of prejudice arising from the antagonism of co-defendants at trial.  The two principal categories of cognizable prejudice in this area are 1) the prejudice arising from the presentation of "conflicting and irreconcilable defenses," and 2) the unfairness of exposing the defendant to a "multiple attack" from both the government and his co-defendant; that is, the "second prosecutor problem."  These two theories are related.

Mr. Richards, Ms. Miles and Mr. Fleming should be severed from one another under the first theory because the three have conflicting and contradicting defenses such that there is a "danger of risk that the jury will draw an improper conclusion from the existence of the conflicting defenses alone that all three defendant's are guilty." Garris v. United States, 559 A.2d 323, 329 (D.C. 1989) (citations omitted).  This court must determine if the government's evidence at trial would be such that the conflicting defenses alone would cause the Court to find Mr. Richards guilty. Tillman v. United States, 519 A.2d 166, 171 (D.C. 1986).

III.    JOINDER WILL EXPOSE MR. RICHARDS TO, WHAT IS IN EFFECT, A SECOND PROSECUTOR THEREBY DENYING HIM HIS RIGHT TO A FAIR TRIAL.

In addition to Mr. Richards Ms. Miles and Mr. Fleming having irreconcilable and conflicting defenses, Mr. Richards is additionally prejudiced by the prospect of Ms. Miles and Mr. Fleming's counsel acting as a second prosecutor against him.  Courts have recognized that "[p]erhaps the

4

primary danger against which the rule is designed to guard is that of a defendant having to face what amounts to two prosecutors - the state and his co-defendant." United States v. Lee, 744 F.2d 1124, 1126 (5th Cir. 1984). Severance is required by a co-defendant's posture as the "second prosecutor" where, as here, joinder of defendants deprives the defendant of a fair trial by introducing "what is in effect a second prosecutor into a case, by turning each co-defendant into the other's most forceful adversary." Zafiro v. United States, 506 U.S. 534, 544 (1993) (Stevens, J. concurring in the judgment) (footnote omitted) (citing United States v. Tootick, 952 F.2d 1078, 1082 (9th Cir. 1991) and United States v. Romanello, 726 F.2d 173, 179 (5th Cir. 1984)). See United States v. Sheikh, 654 F.2d 1057, 1066 (5th Cir. 1981) ("[t]he taking of an adversarial stance on the part of counsel for co-defendants may generate trial conditions so prejudicial to the co-defendant under attack as to deny him a fair trial").[3]

In United States v. Tootick, the court explicated the manifestations of the prejudice arising from the co-defendant's role as a "second prosecutor":

> Defendants who accuse each other bring the effect of a second prosecutor into the case with respect to their co-defendant. In order to zealously represent his client, each co-defendant's counsel must do everything possible to convict the other defendant. The existence of this extra prosecutor is particularly troublesome because the defense counsel are not always held to the limitations and standards imposed on the

---

[3] In this regard, courts which have considered the "second prosecutor" problem have done so independently of their consideration of the issue of "conflicting and irreconcilable defenses." See, e.g., Mitchell, supra; United States v. Wright, 251 U.S. App. D.C. 276, 783 f.2d 1091 (1986); United States v. Buena-Lopez, 987 F.2d 657 (9th Cir. 1993); Romanello, supra; Sheikh, supra.

government prosecutor. Opening statements, as in this case, can become a forum in which gruesome and outlandish tales are told about the exclusive guilt of the "other" defendant. In this case, these claims were not all substantiated by the evidence at trial. Counsel can make and oppose motions that are favorable to their defendant, without objection by the government.

Cross-examination of the government's witnesses becomes an opportunity to emphasize the exclusive guilt of the other defendant or to help rehabilitate a witness that has been impeached. Cross-examination of the defendant's witnesses provides further opportunities for impeachment and the ability to undermine the defendant's case. The presentation of the co-defendant's case becomes a separate forum in which the defendant is accused and tried. Closing arguments allow a final opening for co-defendants's counsel to portray the other defendant as the sole perpetrator of the crime.

Joinder can provide the individual defendants with perverse incentives. Defendants do not simply want to demonstrate their own innocence, they want to do everything possible to convict their co-defendants. These incentives may influence the decision whether or not to take the stand, as well as the truth and content of the testimony.

The joint trial of defendants advocating mutually exclusive defenses produces fringe benefits for the prosecution. Joinder in these cases can make a complex case seem simple to the jury: convict them both.

The government's case becomes the only unified and consistent presentation. It presents the jury with a way to resolve the

>logical contradiction inherent in the
>defendants' positions.  While the defendants'
>claims contradict each other, each claim
>individually acts to reinforce the
>government's case.  The government is further
>benefitted by the additive and profound
>effects of repetition.  Each important point
>the government makes about a given defendant
>is echoed and reinforced by the co-defendant's
>counsel.

Tootick, 952 F.2d at 1082.

According to Ms. Miles statements, it is her position that Mr. Richards, Mr. Fleming and Ms. Miles were actively involved in a "conspiracy" and that they had been distributing cocaine together for over "18 months". In a videotaped interview Ms. Miles made several statements not only regarding her own behavior but which purported to describe several instances of distribution which were allegedly orchestrated by Mr. Richards an to which Mr. Fleming was a co-hart.

An additional concern, as echoed by Justice Stevens in his Zafiro concurrence, is that the "'existence of this extra prosecutor is particularly troublesome because the defense counsel are not always held to the limitations and standards imposed on the government prosecutor.'" Zafiro, 506 U.S. at 544 (quoting Tootick, 952 F.2d at 1082 (citing Romanello, 726 F.2d at 179)).  This observation bears not only on the conduct of counsel at trial, but also on issues regarding the admissibility of evidence, and the extent to which the criteria for admission of certain types of evidence may vary depending upon the proponent.

Undersigned counsel expects that the government may contend, inter alia, that Mr. Richards "[f]acing an extra prosecutor in the guise of [Miles' and Fleming's] counsel," Romanello, 726 F.2d at 179, does not require severance, because any of the arguments and evidence presented by Ms. Miles would in any event be presented against Mr. Richards by the government, whether Mr.

Richards was tried jointly with Ms. Miles or Mr. Fleming or alone at a separate trial. Undersigned counsel respectfully submits that any such argument would in significant respects misconstrue the "second prosecutor" problem. While the prejudice engendered by the adversarial stance of the co-defendants is enhanced by the prospect that they may offer evidence against Mr. Richards beyond that offered by the government, that prejudice is in no way dependent upon the co-defendants offering additional evidence. Indeed, one significant feature of "second prosecutor" problem is precisely the prejudice generated where, as here, "[t]he government is further benefited by the additive and profound effects of repetition [as] [e]ach important point the government makes about a given defendant is echoed and reinforced by defense counsel." Tootick, 952 F.2d at 1082.

The "multiple attack" upon Mr. Richards here will dominate virtually every stage of a joint trial. Should Ms. Miles or Mr. Fleming choose to give an opening statement, the trial will begin with three statements to the jury forcefully arguing Mr. Richards' guilt. The testimony of each government witness implicating Mr. Richards will be presented thrice, first through the government's direct examination, and again through co-defendants' cross-examination. Similarly, the testimony of Miles' witnesses, inculpatory of Mr. Richards, would presumably be elicited again, and further emphasized, upon cross-examination by the government.[4] In sum, Ms. Miles counsel will become the "government's champion against Mr. Richards;" creating "intolerable" prejudice and compelling the conclusion that "[a] fair trial [is] impossible under the circumstances." Romanello, 726 F.2d 181-182.

Undersigned counsel notes finally that unlike the standard for severance on the grounds of "conflicting and irreconcilable defenses," the criteria for severance under the fair trial standard do

---

[4] Tootick, 952 F.2d at 1082.

not in the first instance call for an assessment of the strength of the government's case. See, e.g., Romanello, 726 F.2d at 181. Indeed, to a significant extent, the strength of the government's case against the defendant is irrelevant to the fair trial / second prosecutor analysis. Rather, that analysis is focused primarily on the strength and primacy to his defense of the co-defendant's "case" against the defendant. See, e.g., Romanello, 726 F.2d at 181. While the prejudice from joinder may arguably have a greater impact where the government's case is less than overwhelming than where the government's evidence is insurmountably strong, the absence of an overwhelming case is a sufficient, but not necessary, condition for a finding that severance is warranted under the fair trial standard. Thus whatever claims the government may make regarding the strength of its case, severance is in any event required here, as a consequence of the posture of Ms. Miles' and Mr. Fleming's counsel as a second prosecutor.

## CONCLUSION

For the foregoing reasons, and such other reasons as may be adduced at a hearing on this motion, the defendant respectfully requests that his motion be granted.

Respectfully submitted,

_____
Brian K. McDaniel
McDaniel & Asso. P.A.
1211 Connecticut Ave. N.W.
Suite 506
Washington, D.C. 20036
Telephone (202) 331 - 0793

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Motion and accompanying Memorandum of Points and Authorities In Support Thereof have been served by facsimile and first class mailing upon the Office of the United States Attorney, 555 Fourth Street, N.W., Washington, D.C. 20001, to the attention of Mr. Martin Carpenter.

_____
Brian K. McDaniel, Esq.