IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                                    )<br>)<br>MICHAEL RICHARDS,                           )<br>)<br>           Defendant.                            )<br>_____) | Cr. No. 06-306-1(TFH) |

**DEFENDANT MICHAEL RICHARDS MOTION TO SUPPRESS TANGIBLE
EVIDENCE SEIZED ON SEPTEMBER 26, 2006 AND MEMORANDUM IN
SUPPORT THEREOF**

Defendant, Michael Richards, by and through his counsel, Brian K. McDaniel and McDaniel & Asso. P.A., respectfully moves this Honorable Court to suppress as evidence against him at trial the physical evidence seized by law enforcement agents on September 26, 2006. This motion is made pursuant to Fe. R. Crim. P. 12(b)(3), and is supported by the discussion below. An evidentiary hearing on this motion is respectfully requested.

**BACKGROUND**

On October 12, 2006 Mr. Richards along with his co-defendants Mr. Christopher Fleming and Ms. Russeline Miles were charged in a six-count indictment in Criminal case NO. -06-306. Mr. Richards was charged with Count One – Unlawful Maintenance of a Premises to Manufacture, Distribute, Store and Use a Controlled Substance, in violation of 21 U.S.C. Sec. 856(a)(2); Count two – Unlawful Distributions of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. Sec. 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. Sec. 2; Count Three – Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. Sec. 841(a)(1) and 841 (b)(1)(A)(iii); Count Four – Unlawful Distribution of Cocaine Base

and Aiding and Abetting, in violation of 21 U.S.C. Sec. 841 (a)(1) and 841 (b)(1)(c) and 18 U.S.C. Sec. 2; Count Five – Unlawful Distribution of Cocaine Base and Aiding and Abetting, in violation of 21 U.S.C. Sec. 841(a)(1) and 841 (b)(c) and 18 U.S.C. Sec. 2 and Count Six – Unlawful Distribution of 50 Grams or More of Cocaine Base and Aiding and Abetting in violation of 21 U.S.C. Sec. 841(a)(1) and 841(b)(1)(A)(iii) and 18 U.S.C. Sec. 2.

## ARGUMENT

1.  THE CURRENCY ALLEGEDLY SEIZED FROM MR. RICHARDS' PERSON ON SEPTEMBER 26, 2006 SHIOULD BE SUPPRESSED AS THE FRUIT OF AN ILLEGAL ARREST.

The Fourth Amendment of the United States Constitution requires that all searches and seizures, including searches and seizures of the person, be "reasonable". Vernonia School District 47J v. Acton, 515 U.S. 646 (1995). In order for warrantless searches and seizures to be "reasonable" they must be supported by a limited exception to the warrant requirement, such as probable cause. New Jersey v. T.L.O., 469 U.S. 325, 341-42 (1985). In the instant case, the stop and arrest of Mr. Richards not only were conducted without a warrant, but were not based on any other legitimate exception to the warrant requirement. Mr. Richards' stop, search and seizure by the law enforcement officers were therefore unreasonable. Exclusion of any evidence recovered as result of this Fourth Amendment violation is the appropriate remedy. Wong Sun v. United States, 371 U.S. 471 (1963).

A seizure occurs in one of two circumstances: (1) officers apply physical force to the individual, and/or the individual submits to a show of authority by law enforcement officers. California v. Hodari D, 499 U.S. 621, 626 (1991). In order to seize an

individual, officers must have either (1) probable cause to arrest the individual. See Michigan v. DeFillipo, 443 U.S. 31, 36 (1979), or (2) reasonable suspicion to conduct an investigatory stop, see Terry v. Ohio, 392 U.S. 1, 20-27 (1968).

Officers can conduct an arrest when there exists "facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense." DeFillipo, 443 U.S. at 37. Officers can conduct an investigatory stop when they have reasonable suspicion, based upon articulable facts, that criminal activity "may be afoot." United States v. Sokolow, 490 U.S. 1, 7 (1989)(citing Terry, 392 U.S. at 30). Because a stop cannot be justified by subsequent events, the founded suspicion must be based only upon those facts and circumstances known to the officers at the time of the stop. United States v. Patterson, 648 F.2d 625, 634 (9th Cir. 1981). The government bears the burden of adducing sworn testimony sufficient to satisfy this Court that the facts and circumstances known and unknown to the seizing officers at the time they stopped Mr. Richards justified the stop. See Florida v. Royer, 460 U.S. 491, 500 (1983); United States v. Allen, 629 F.2d 51, 55 (D.C. Cir. 1980).

In this case, evidence adduced at an evidentiary hearing will establish that Mr. Richards' stop and seizure were unlawful and that there was no probable cause to support his arrest. The government will not be able to adduce sufficient sworn testimony to demonstrate that the MPD officers possessed the requisite probable cause or reasonable suspicion to stop Mr. Richards when they did. Because the alleged recovery of $686.00 of u.s. currency and 4 $10.00 ziplocks of cocaine base was purportedly recovered from

Mr. Richards after he was illegally seized, it must be suppressed as the tainted fruit of the illegal arrest. Taylor, 457 U.S. 687 (1982); Wong Sun, 371 U.S. 471(1963).

## CONCLUSION

For the foregoing reasons, and any other reason that the Court may deem just and reasonable, Mr. Richards requests that the Court suppress any evidence obtained by the officers as a result of his illegal arrest and of the following, illegal search. Mr. Richards respectfully request an evidentiary hearing on this motion.

Respectfully Submitted,

_____
Brian K. McDaniel, Esq.
McDaniel & Asso. P.A.
Longfellow Building
1211 Connecticut Ave. N.W.
Suite 506
Washington, D.C. 20036
Telephone (202) 331 – 0793
Bkmassociates@aol.com