UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| | : | |
| v. | : | CR 06-306 (EGS) |
| | : | |
| **MICHAEL DANIEL RICHARDS, Et. Al.** | : | |
| Defendant. | : | Hearing Date: Oct. 23, 2007 |

GOVERNMENT'S MOTION
REGARDING RULE 609 EVIDENCE FOR DEFENDANT GANT

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits its Motion Regarding Rule 609 Evidence. In support thereof, the United States submits the following points and authorities and any other such evidence or argument as may be adduced at a hearing on the Motion.

We move to admit evidence of the facts of the cases which comprised Defendant Shaw's following convictions:

On January 9, 2003, in Prince Georges county, Maryland, Defendant Junior Shaw was convicted of PWID Cocaine, Distribution of Cocaine and Possession of a Firearm During a Drug Trafficking Crime, was sentenced to 15 years confinement, with 10 years suspended and 5 years unsupervised probation for his offenses with occurred on August 1, 2002.

**Argument**

In the event a defendant testifies at trial, the government should be permitted to impeach the defendant(s) with their prior conviction(s).

Federal Rule of Evidence 609(a)(2) allows for the introduction of convictions for crimes involving dishonesty or false statement to attack the credibility of the defendant in a criminal case. Federal Rule of Evidence 609(a)(1) also allows for the introduction of convictions punishable by imprisonment in excess of one year to similarly attack the credibility of the defendant, subject to a prescribed balancing of probative value and prejudicial effect of evidence. The rule specifically provides that any such conviction "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). The rule specifically provides that any such conviction "shall be admitted if the [trial] court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused." Fed. R. Evid. 609(a)(1). This Circuit has held that "the district court has discretion to determine when to inquire into the facts and circumstances underlying a prior conviction and how extensive an inquiry to conduct" when balancing under Rule 609. United States v. Lipscomb, 702 F.2d 1049, 1068 (D.C. Cir. 1983); see also United States v. Brown, 603 F.2d 1022, 1028 (1st Cir. 1979) (requirements of 609(b) balancing met "even though specific facts and circumstances were not itemized for the record").

Rule 609(b) requires written notice of the intent to use a conviction for a crime punishable for more than one year it the date of the conviction or the date of release is more than ten years old.

The defendant's prior convictions bear directly upon credibility. The effect of prior convictions upon a juror's evaluation of witness testimony is well documented. The serious nature of the defendants prior offenses may be considered by the jury as indicative of his lack of veracity. Such convictions are probative of a defendants respect for the law and are directly

relevant to an examination of his credibility.  Courts routinely admit evidence of such prior convictions, even when the prior offenses are of the same type as the instant charges.  See e.g., United States v. Smith, 49 F.3d 475, 478 (8th Cir. 1995) (evidence of defendant's prior gun conviction properly used to impeach his credibility in case charging defendant with being a felon in possession of a firearm).

Of course, the court can and should significantly lessen the prejudicial effect of the admission of evidence of the defendants prior criminal convictions by instructing the jury as to the limited use to which it can put evidence of a prior conviction.

WHEREFORE, the government respectfully requests that the Court permit the government to impeach the defendant(s) with prior convictions should they choose to testify.

                              Respectfully submitted,

                              JEFFERY A. TAYLOR
                              UNITED STATES ATTORNEY
                              D.C. BAR NO. 498-610

By: _____
      MARTIN DEE CARPENTER
      Assistant United States Attorney
      Organized Crime and Narcotics Trafficking Section

## CERTIFICATE OF SERVICE

      I HEREBY CERTIFY that a copy of this pleading has been served upon defense counsel Attorney Andrea Antonelli by facsimile, this 16th day of October, 2007, and by electronic filing to:

| | |
|---|---|
| Attorney Brian K. McDaniel<br>Email: kbmassociates@aol.com | Attorney Danielle C. Jahn<br>Email: dani_jahn@fd.org |
| Attorney Joanne D. Slaight<br>Email: jslaight@att.net | Attorney Andrea Patricia Antonelli<br>Email: apantonelli@verizon.net |
| Attorney Richard Alan Seligman<br>Email: rickselig@aol.com | Attorney Jerry Ray Smith<br>Email: jerryraysmith@verizon.net |

 

_____
MARTIN DEE CARPENTER, Bar No. 431-211
Assistant United States Attorney
Organized Crime & Narcotics Trafficking Section
555 4th Street, N.W., Room No. 4116
Washington, D.C. 20530
Office No. (202) 514-7063
Facsimile No. (202) 514-8707

Email: martin.carpenter2@usdoj.gov