UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Case No. 06-306-1 (EGS) |
| v. : | |
| : | |
| MICHAEL DANIEL RICHARDS, : | |
| Defendant. : | |

**GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby respectfully submits this memorandum in aid of sentencing in the above-referenced case. For the reasons that follow, and any other reasons that may be cited at the sentencing hearing, the United States respectfully requests that the Court sentence the defendant to a 156-month term of imprisonment.

### I. Background

On June 5, 2007, a grand jury returned a ten-count superseding indictment charging the defendant and six others with various narcotics offenses. The defendant was charged in all ten counts, with conspiracy to possess with intent to distribute and to distribute 50 grams or more of cocaine base and 5 kilograms or more of cocaine (count one); unlawful distribution of 50 grams or more of cocaine base (counts two, four, six, and seven); unlawful distribution of 5 grams or more of cocaine base (count three); unlawful maintenance of a premises to manufacture, distribute, store, and use a controlled substance (count five); unlawful distribution of cocaine base (counts eight and nine); and unlawful possession with intent to distribute 50 grams or more of cocaine base (count ten). On January 25, 2008, the defendant pleaded guilty to count one of the superseding indictment. The defendant pleaded guilty pursuant to a Rule 11(c)(1)(C) plea agreement whereby the parties "agree[d] that a sentence of 156

months of imprisonment is an appropriate sentence for the offense to which [the defendant] is pleading guilty." Plea Agreement (Document 141) ¶ 3.[1]

At the plea hearing, the defendant agreed – both in writing and orally, under oath – with the government's proffer of evidence in support of the plea. The factual proffer was as follows:

> From in or about January of 2000 to September 26, 2006, in the District of Columbia and elsewhere, the defendant, Michael Richards, assisted by Russeline Miles, Conroy Forbes, Donnie Smith, Junior Shaw, Gregory Gant, Christopher Fleming, and others, repeatedly obtained cocaine, cooked the cocaine into cocaine base (also known as "crack cocaine"), and distributed the cocaine base to customers in the District of Columbia and its metropolitan area.
>
> From in or about January of 2000 to in or about 2002, Richards and others employed several couriers who repeatedly obtained cocaine in California, Florida, and Jamaica, and transported the cocaine, which was typically in kilogram or multi-kilogram amounts, into the District of Columbia. Thereafter, until his arrest on September 26, 2006, Richards obtained cocaine and cocaine base from other sources in the District of Columbia metropolitan area, and continued to process and distribute crack cocaine. Over the course of the conspiracy, Richards, Miles, Forbes, Smith, Shaw, Gant, Fleming, and others cooked the cocaine in, and/or distributed the crack cocaine from [several] residences [located] in the [Northeast quadrant of the] District of Columbia .
> . . .
>
> Richards frequently possessed a handgun while carrying out his narcotics-related activities.
>
> From in or about 2000 to 2002, Forbes assisted Richards by, among other things, supervising and transporting the drug couriers, guarding locations where the cocaine base was processed and distributed, and distributing cocaine base. Forbes often armed himself with a handgun while carrying out these activities.
>
> On nine separate occasions in the District of Columbia, Richards, or one of his co-conspirators acting on his behalf, sold crack cocaine to an undercover police officer; these sales totaled approximately 377 grams of crack cocaine.
>
> On September 26, 2006, an undercover police officer negotiated with Richards on the telephone to buy another 62 grams of crack cocaine. Later that day, Richards,

---

[1] The Rule 11(c)(1)(C) agreement "with respect to the appropriate sentence affects only the term of imprisonment; the otherwise applicable statutory and Sentencing Guidelines provisions are applicable to other sentencing incidents, such as a fine and term of supervised release." Id.

Miles, and Fleming were arrested outside of 65 Hawaii Avenue, N.E. At the time of their arrest, Richards was in possession of four $10 ziplock bags of crack cocaine and $686 in cash; Miles was in possession of over 50 grams of crack cocaine – the narcotics which were to be sold that day to the undercover officer. Police officers subsequently executed a search warrant at [the] apartment . . . where Richards lived with Fleming, and drug paraphernalia (including numerous small ziplock bags, a razor blade, and a scale), .38 caliber ammunition, and a marijuana plant were recovered from the residence.

From in or about January of 2000 to September 26, 2006, Richards was accountable for the distribution of over 1.5 kilograms of cocaine base and more than 50 kilograms of cocaine.

Proffer of Evidence (Document 142) ¶¶ 1-7; Presentence Investigation Report ("PSR") ¶¶ 13-19. See also Plea Agreement (Document 141) ¶ 2 (defendant agreed that he was "accountable for more than 1.5 kilograms but less than 4.5 kilograms of cocaine base, and for more than 50 kilograms but less than 150 kilograms of cocaine").

## II. Discussion

As outlined above, for nearly seven years the defendant was a major drug dealer in the District of Columbia. He and his co-conspirators were responsible for distributing significant amounts of crack cocaine in this community, conduct which unquestionably ruined lives by feeding addictions, destabilizing families and neighborhoods, and perpetuating criminal activity. As one of the lead detectives in this matter has told the undersigned, the defendant's drug organization "locked down" – that is, overtook and dominated – the neighborhood in which it operated (the vicinity of the unit blocks of Webster Street and Hawaii Avenue, N.E.). The neighborhood is in far better shape today.

The governments respectfully submits that the Court should accept the Rule 11(c)(1)(C) plea agreement, which sets forth an agreed-to term of incarceration of 156 months (13 years). In making this recommendation, the government relies on the following points:

- The defendant's guilty plea saved the Court and government significant resources by obviating the need for a weeks-long jury trial.

- The defendant's admission of guilt was unequivocal and fairly encapsulated his criminal conduct without minimization.

- The defendant is 44 years of age and thus he will – as is appropriate – spend a considerable amount of the rest of his life in prison.

- The agreed-to term of imprisonment exceeds, by 36 months, the statutory mandatory-minimum sentence of incarceration.

- The defendant, who has only one prior criminal conviction (for a misdemeanor offense), is a foreign national who will be subject to deportation as a result of his conviction in the instant case. PSR ¶ 48.

In short, when balancing the factors set forth in 18 U.S.C. § 3553(a), the government believes that the proposed term of incarceration is fair and just under the circumstances of this case.

WHEREFORE, for the foregoing reasons, the United States respectfully requests that the Court accept the Rule 11(c)(1)(C) plea agreement and sentence the defendant to, inter alia, 156 months of imprisonment.

Respectfully submitted,

Jeffrey A. Taylor
United States Attorney
DC Bar No. 498610

Emory V. Cole
Assistant United States Attorney
PA Bar No. 49136

            /s/
By:    _____
Gregory G. Marshall
Assistant United States Attorney
CT Bar No. 409959
555 Fourth Street, N.W., Room 4126
Washington, DC 20530
office: 353-7557; facsimile: 514-8707
gregory.marshall@usdoj.gov

CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that I caused a copy of this pleading to be served upon defense counsel, via the electronic case filing system, this 18th day of April, 2008.

                                            /s/

                                     Gregory G. Marshall
                                     Assistant United States Attorney